■ In the Matter of the Claim of PHILIP GREENSPAN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 1977, which held claimant ineligible for benefits effective August 30, 1976 because he was unavailable for employment. In July of 1976 claimant was laid off from his job as a warehouseman in New York. He moved to Florida and filed for

benefits there on September 1, 1976. In that application he stated he was unwilling to accept the prevailing wage for warehousemen and related work, $2.85 per hour, and would be willing to travel no more than 15 miles from his residence to a job. The initial determination, rendered October 13, 1976, disqualified him as unavailable for employment (Labor Law, § 591, subd 2). On October 18, claimant obtained another interview at the local unemployment office at which he stated he was willing to accept the $2.85 prevailing wage. He said his original insistence on September 1 for at least $250 per week was made without understanding either the unemployment insurance system or the realities of the Florida job market. A hearing was then held in Florida on December 9, 1976, at which claimant reasserted his willingness to accept the prevailing wage. He had sought work with, on the average, six prospective employers per week. The referee sustained the initial determination, and the board has affirmed the referee. As for the period from September 1 to October 18, 1976, during which time claimant was indicating he would not accept the prevailing wage, there is sufficient evidence to support the disqualification for unavailability (Matter of Di Pietro [Levine], 53 AD2d 759). As for the period after October 18, the referee found claimant unavailable because he continued to limit work inquiries to a 10- to 15-mile radius from his residence, he was receiving $357.80 per month social security, and he visited the local employment office only once every two months. Availability for employment is a factual question, and although we might have reached a different result as to the post-October 18 period, there is sufficient evidence to support the board's finding of unavailability (Matter of Steiner [Levine], 52 AD2d 961). Decision affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.